Curia, per

Chancellor Joiínson.
This case falls very clearly within the rule laid down in Young vs. Monepoey, 2 Bail., 280. The evidence adduced in support of the new promise, imports, I think, not only an admission of a subsisting debt, but also a promise to pay. The proposition of the defendant, to discount his own account against the demand, is, in itself, a distinct confession of his liability to pay it; and his declaration that he would “settle” with the plaintiff’s agent, when bis account was made out, is, in common parlance, generally substituted for a direct promise to pay, and as used here, would scarcely admit of any other construction. The verdict is therefore right.
There is, I am aware, a very general prejudice against a defence founded entirely on the statute of limitations, and there is danger "that juries will be disposed to infer a new promise, from very slight circumstances, and thus render the rule inoperative; but the corrective is in the hands of the court, and by keeping the principle constantly in view, the evil will be avdidedi
Motion dismissed.
Richardson, O’Neall and Butler, JJ., and Chancellors DjgSaussurb and Johnston, concurred.